Fuchsberg, J. (concurring).
I join in the court’s conclusion that, as a matter of law, there was no knowing and voluntary waiver of counsel in this case and that there must therefore be a reversal. But I would leave open—and certainly not *228 decide adversely to the defendant at this time—whether he in any event could have waived without consulting counsel under the circumstances in this case. Those circumstances, not fully developed, include, among others, the fact that the defendant was represented by counsel on the charge on which he was being held in the detention center, that his removal from there to the scene of the lineup to be conducted in connection with the second crime in which the police believed he was implicated was effected by formal court order, that the order was obtained ex parte, and that opportunity was thereby denied for counsel to advise his client on at least the crossover consequences of the second charge to the defense of the first one.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Cooke concur with Judge Jasen; Judge Fuchsburg concurs in result in a separate opinion.
Order reversed, etc.